1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LETICIA PINEDA, *on behalf of herself*          No.  1:20-cv-00169-DAD-EPG
     *and all others similarly situated,*
12
                         Plaintiff,
13
          v.                                          ORDER GRANTING CROSS-
14                                                    DEFENDANTS' MOTIONS TO DISMISS
     SUN VALLEY PACKING, L.P.,                        SUN VALLEY PACKING L.P.'S AMENDED
15                                                    CROSS-COMPLAINT
                         Defendant.
16                                                    (Doc. Nos. 38, 39, 43)
     SUN VALLEY PACKING, L.P.,
17
                         Cross-Claimant,
18
          v.
19
     XAVIER BECERRA, *in his official*
20   *capacity as the Attorney General of the*
     *State of California*, et al.,
21
                         Cross-Defendants.
22

23         This matter is before the court on the motion to dismiss filed by cross-defendant Leticia

24   Pineda and the motion to dismiss filed by cross-defendants Xavier Becerra, Lilia Garcia Brower,

25   and Julia A. Su, on August 4, 2020, in which they seek dismissal of cross-claimant Sun Valley

26   Packing L.P.'s cross-complaint for injunctive and declaratory relief.  (Doc. Nos. 38, 39.)

27   Pursuant to General Order No. 617 addressing the public health emergency posed by the COVID-

28   19 pandemic, the pending motions to dismiss were taken under submission on the papers.  (Doc.

                                                     1

No. 40.)  For the reasons explained below, the court will grant the cross-defendants' pending

motions to dismiss.[1]

### BACKGROUND

Plaintiff and cross-defendant Leticia Pineda initiated this putative class action in Fresno

County Superior Court against defendant and cross-claimant Sun Valley Packing L.P. ("Sun

Valley") alleging various wage, hour, and other labor-related claims under the California Labor

Code, as well as a representative action claim for civil penalties under the Labor Code Private

Attorneys General Act of 2004 ("PAGA").  (Doc. No. 1-1 at 3–20.)

On January 31, 2020, Sun Valley timely removed this action to this federal court and filed

a cross-complaint against plaintiff "for injunctive and declaratory relief regarding the

unconstitutionality of PAGA."  (Doc. Nos. 1, 2.)  On March 4, 2020, Sun Valley filed an

amended cross-complaint seeking the same relief but naming three state officials and one state

agency as additional cross-defendants:  Xavier Becerra, in his official capacity as the Attorney

General of the State of California; Lilia Garcia Brower, in her official capacity as the Labor

Commissioner of the State of California; Julia A. Su, in her official capacity as the Secretary of

the California Labor and Workforce Development Agency; and the California Labor and

Workforce Development Agency ("LWDA").  (Doc. No. 8.)  The crux of Sun Valley's claims is

that "[e]mployee plaintiff-contingency fee trial attorneys" have figured out how to use PAGA to

their own personal benefit and are unfairly harming employers in the process.  (*Id.* at 2.)  Sun

Valley requests that the court order the state "to enforce California laws itself" instead of

"transferring and/or granting the state's power to enforce California law over to private Plaintiffs"

---

[1]  The undersigned apologizes for the excessive delay in the issuance of this order.  This court's
overwhelming caseload has been well publicized and the long-standing lack of judicial resources
in this district long-ago reached crisis proportion.  While that situation was partially addressed by
the U.S. Senate's confirmation of a district judge for one of this court's vacancies on December
17, 2021, another vacancy on this court with only six authorized district judge positions was
created on April 17, 2022.  For over twenty-two months the undersigned was left presiding over
approximately 1,300 civil cases and criminal matters involving 735 defendants.  That situation
resulted in the court not being able to issue orders in submitted civil matters within an acceptable
period of time and continues even now as the undersigned works through the predictable backlog.
This has been frustrating to the court, which fully realizes how incredibly frustrating it is to the
parties and their counsel.

1   because "their attorneys [] operate for their own personal gain with inherent and existing conflicts

2   of interest seeking only to generate personal wealth acquired in pursuing unconstitutional PAGA

3   claims that result in insignificant and reduced benefit[] to the State of California."  (*Id.* at 3.)

4         In its amended cross-complaint, Sun Valley alleges the following six causes of action

5   against all cross-defendants:  (1) a claim under 42 U.S.C. § 1983 predicated on alleged

6   deprivation of procedural due process, substantive due process, and equal protection rights in

7   violation of the Fifth and Fourteenth Amendment to the U.S. Constitution, as well as deprivation

8   of the Eighth Amendment right to be free from excessive fines; (2) a claim that PAGA violates

9   the procedural due process guarantee of the California Constitution; (3) a claim that PAGA

10   violates the substantive due process guarantee of the California Constitution; (4) a claim that

11   PAGA violates the equal protection guarantee of the California Constitution; (5) a claim that

12   PAGA violates the California Constitution's prohibition on excessive fines; and (6) a claim that

13   PAGA violates the California Constitution's separation of powers doctrine.  (*Id.* at 55–80.)  In

14   short, Sun Valley requests that the court issue an order declaring that PAGA is unconstitutional

15   and unenforceable and issue an injunction enjoining cross-defendants from suing upon,

16   implementing, or enforcing PAGA, including enjoining plaintiff and any other aggrieved

17   employee from maintaining a PAGA claim against Sun Valley in this action and any other

18   action.[2]  (*Id.* at 82–83.)

19         On August 4, 2020, cross-defendant Pineda filed the pending motion to dismiss Sun

20   Valley's claims against her, arguing that she is not a proper party to Sun Valley's declaratory

21   relief action because "Sun Valley has not and cannot show that [she] acted under color of state

22   law by filing her PAGA claim," and Sun Valley's request that "this federal court hold that a

23   California state statute is unconstitutional . . . has nothing to do with [her]."  (Doc. No. 39 at 6,

---

[2]  Though not explicitly acknowledged by Sun Valley, the injunctive relief they seek in their amended cross-complaint includes enjoining plaintiff Pineda from continuing to litigate her pending PAGA-only action against Sun Valley—an action that this court remanded to the Fresno County Superior Court on December 3, 2021.  *See Pineda v. Sun Valley Packing, L.P.*, No. 1:21-cv-01265-DAD-EPG, 2021 WL 5755586 (E.D. Cal. Dec. 3, 2021).  Plaintiff predicated the remanded PAGA-only action on a different Labor Code violation than the violations alleged in this action.

15.)  Also on August 4, 2020, cross-defendants Becerra, Brower, and Su (collectively, the "state cross-defendants") filed the other pending motion to dismiss Sun Valley's amended cross-complaint, arguing that the court should exercise its discretion to decline to entertain Sun Valley's declaratory action "because the declaratory judgment remedy is neither useful nor appropriate under the circumstances of this case."  (Doc. No. 38.)  On September 1, 2020, Sun Valley filed oppositions to the cross-defendants' pending motions to dismiss.  (Doc. Nos. 41, 42.)  On September 15, 2020, cross-defendants filed their replies thereto.  (Doc. Nos. 45, 46.)

## DISCUSSION

**A.    Cross-Defendant Pineda's Motion to Dismiss under Rule 12(b)(6)**

1.    Legal Standard

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  A dismissal may be warranted where there is "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Though Rule 8(a) does not require detailed factual allegations, a plaintiff is required to allege "enough facts to state a claim for relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).  However, the court need not assume the truth of legal conclusions cast in the form of factual allegations.  *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*,

4

1   556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a

2   formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555; *see also*

3   *Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by

4   mere conclusory statements, do not suffice.").  Moreover, it is inappropriate to assume that the

5   plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws

6   in ways that have not been alleged."  *Associated Gen. Contractors of Cal., Inc. v. Cal. State*

7   *Council of Carpenters*, 459 U.S. 519, 526 (1983).

8           2.     Analysis

9           In her motion to dismiss, cross-defendant Pineda argues that Sun Valley's crossclaims

10   against her should be dismissed under Rule 12(b)(6) for failure to state a claim because "[a]ll of

11   the constitutional challenges raised by Sun Valley require state action."  (Doc. No. 39 at 6.)

12   Cross-defendant Pineda contends that Sun Valley has not and cannot state a cognizable claim

13   under 42 U.S.C. § 1983 against her, a private litigant, because she was not a "state actor" and was

14   not "acting under color of state law," a necessary element for a § 1983 claim.[3]  (*Id.* at 6, 9–13.)

15   Cross-defendant Pineda also contends that Sun Valley has not and cannot state any of its claims

16   under the California Constitution against her because those claims similarly require state action to

17   be cognizable.  (*Id.* at 13–15) (citing cases).  In short, cross-defendant Pineda argues that "[t]he

18   mere filing of a PAGA action does not convert an aggrieved employee into a state actor, such that

19   the employee may then be sued by its employer for claims against the State."  (Doc. No. 46 at 9–

20   10.)

21           In its opposition, Sun Valley counters that it has sufficiently alleged that plaintiff was

22   acting under color of state law.  (Doc. No. 41 at 7.)  Sun Valley points to its allegations in its

23   amended cross-complaint that:  "[u]nder the provisions of PAGA, the actions of Plaintiff Leticia

---

25   [3]  To bring a claim under § 1983, a plaintiff must allege facts showing that "a person acting under
color of state law . . . [engaged in] conduct [that] deprived the [plaintiff] of some right, privilege,
26   or immunity protected by the Constitution or laws of the United States."  *Leer v. Murphy*, 844
F.2d 628, 632–33 (9th Cir. 1988); *see also Thornton v. City of St. Helena*, 425 F.3d 1158, 1164
27   (9th Cir. 2005).  "The 'color of law' requirement of § 1983 is treated as the equivalent of the
"state action" requirement under the Constitution.  *Jensen v. Lane Cnty.*, 222 F.3d 570, 574 (9th
28   Cir. 2000).

1   Pineda in bringing her PAGA action constitutes '*state action*' in that she brings the action as the

2   agent, representative and otherwise on behalf of the State of California and specifically the

3   [LWDA] and its secretary [] as authorized by PAGA" (Doc. No. 8 at ¶ 127); "Pineda's actions

4   constitute '*state action*,'" (*id.* at ¶ 128); and "the actions taken by Plaintiff Leticia Pineda as agent

5   for the [LWDA] was and is presently being taken under the "*color of state law*," (*id.* at ¶ 129).

6   Sun Valley contends that the California Supreme Court has "consistently and conclusively

7   determined that in an employee's PAGA claim (such as Pineda's) the employee acts as an agent

8   and proxy for the state agency and therefore, constitutes a 'Person Acting Under the Color of

9   State Law' that constitutes 'State Action.'"  (Doc. No. 41 at 13) (citing *Kim v. Reins Int'l Cal.,*

10  *Inc.*, 9 Cal. 5th 73, 81 (2020) ("An employee suing under PAGA 'does so as the proxy or agent of

11  the state's labor law enforcement agencies.'") (quoting *Arias v. Superior Ct.*, 46 Cal. 4th 969, 986

12  (2009) and *Iskanian v. CLS Transp. L.A., LLC*, 59 Cal. 4th 348, 379 (2014) ("The Legislature

13  declared . . . that it was [] in the public interest to allow aggrieved employees, acting as private

14  attorneys general, to recover civil penalties for Labor Code violations, with the understanding that

15  labor law enforcement agencies were to retain primacy over private enforcement efforts.")).

16      However, in those cases cited by Sun Valley, the California Supreme Court was not

17  addressing the question of "state action" under § 1983 at all, let alone declaring that all PAGA

18  representative plaintiffs are "state actors" subject to § 1983 liability merely because they filed a

19  PAGA representative action against their employer.  Rather, in *Kim*, the California Supreme

20  Court addressed the question of whether an aggrieved employee's "settlement of individual Labor

21  Code claims extinguished his PAGA standing."  9 Cal. 5th at 80, 83 ("Settlement of individual

22  claims does not strip an aggrieved employee of standing, as the state's authorized representative,

23  to pursue PAGA remedies.").  In *Arias*, the California Supreme Court addressed the questions of

24  whether PAGA representatives were required to meet class action requirements in order to

25  maintain a PAGA representative action (they do not) and whether nonparty employees and the

26  government are bound by judgments in a PAGA action (they are).  46 Cal. 4th at 975, 986.  In

27  *Iskanian*, the California Supreme Court addressed questions regarding the enforceability of an

28  employee's waiver of PAGA claims, holding that where "an employment agreement compels the

6

1  waiver of representative claims under the PAGA, it is contrary to public policy and unenforceable

2  as a matter of state law," and "California's public policy prohibiting waiver of PAGA claims,

3  whose sole purpose is to vindicate the [LWDA's] interest in enforcing the Labor Code, does not

4  interfere with the [Federal Arbitration Act's] goal of promoting arbitration as a forum for private

5  dispute resolution."  59 Cal. 4th at 384, 389.  It is in those contexts that the California Supreme

6  Court emphasized the PAGA representative's role as a proxy for the LWDA, but there is simply

7  no analytical support in those opinions for subjecting PAGA representatives to liability as "state

8  actors" under § 1983 for allegedly depriving their employers of constitutional rights solely

9  because they filed a PAGA action.  Accordingly, Sun Valley's reliance on the opinions in those

10  cases is unavailing.

11       In addition, the court is not persuaded by Sun Valley's argument that cross-defendant

12  "Pineda and California agencies are joint willful participants" in this PAGA action and that they

13  are "inextricably intertwined," such that this "joint action" with the state converts cross-defendant

14  Pineda into a state actor.  (Doc. No. 41 at 13) (citing *Brunette v. Humane Soc'y of Ventura Cnty.*,

15  294 F.3d 1205, 1211 (9th Cir. 2002) ("To be engaged in joint action, a private party must be a

16  'willful participant' with the State or its agents in an activity which deprives others of

17  constitutional rights.  A private party is liable under this theory, however, only if its particular

18  actions are 'inextricably intertwined' with those of the government.")).  Sun Valley's argument in

19  this regard ignores the fact that "[j]oint action [] requires a substantial degree of cooperative

20  action," *Collins v. Womancare*, 878 F.2d 1145, 1154 (9th Cir. 1989), which Sun Valley has not

21  alleged in its amended cross-complaint.  Importantly, before filing a PAGA representative action,

22  an aggrieved employee must first provide notice to the LWDA of the employer's alleged Labor

23  Code violations.  Only after the LWDA decides not to investigate the alleged violations or not to

24  issue an appropriate citation to the employer can the aggrieved employee file their PAGA action

25  in court.  *See* Cal. Lab. Code § 2699.3(a)(2).  In other words, the LWDA's *inaction* was a

26  necessary prerequisite to the filing of Pineda's lawsuit, as cross-defendant Pineda highlights in

27  her motion to dismiss.  (Doc. No. 39 at 12) (emphasis added).  Indeed, here "LWDA never

28  /////

1  responded" to cross-defendant Pineda's letter notifying LWDA of her PAGA claims.  (Doc. No.
2  46 at 10.)

3        Moreover, a recent decision by the Ninth Circuit addressing PAGA representatives'
4  Article III standing further undermines Sun Valley's "joint action" argument.  In that decision
5  the Ninth Circuit noted that "the State has no authority under PAGA to intervene in a case
6  brought by an aggrieved employee."  *Magadia v. Wal-Mart Assocs., Inc.*, 999 F.3d 668, 677 (9th
7  Cir. 2021) (citing *Iskanian*, 59 Cal. 4th at 389–90).  Indeed, "PAGA prevents California from
8  intervening in a suit brought by the aggrieved employee, yet still binds the State to whatever
9  judgment results," and this feature of PAGA "undermines the notion that the aggrieved employee
10  is solely stepping into the shoes of the State rather than also vindicating the interests of other
11  aggrieved employees."  *Id.*  Accordingly, the court does not agree with Sun Valley's contention
12  that the very act of filing a PAGA representative lawsuit—an act that cannot be undertaken absent
13  *inaction* by the state agency—is sufficient to convert a PAGA representative plaintiff into a state
14  actor subject to liability under § 1983.[4]

15        Additionally, the court finds an analogous case cited by cross-defendant Pineda to be
16  persuasive in supporting her argument that a PAGA representative is not a "state actor."  (Doc.
17  /////
18  /////

19
20  [4]  In addition to the "joint action" test, the court is also not persuaded by Sun Valley's conclusory
   assertion that the amended cross-complaint sufficiently alleges "state action" under the
21  "symbiotic relationship" test or the "public function" test.  (Doc. No. 41 at 14–15.)  A symbiotic
   relationship is shown by significant financial integration between the private party and the
22  government, and "may also arise by virtue of the government's exercise of plenary control over
   the private party's actions," *Brunette*, 294 F.3d at 1213, neither of which have been alleged in
23  Sun Valley's amended cross-complaint.  As noted, once a PAGA representative action is filed,
   the state cannot intervene in that lawsuit at all, let alone exercise plenary control over the PAGA
24  representative.  *Magadia*, 999 F.3d at 677.  As for the public function test, "[p]rivate activity
   becomes a 'public function' only if that action has been 'traditionally the exclusive prerogative of
25  the State.'"  *Brunette*, 294 F.3d at 1214 (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 842 (1982)).
   An employee's ability to sue one's employer to vindicate the interests of aggrieved employees is
26  not a function reserved *exclusively* to the state.  *See Nabors Well Servs. Co. v. Bradshaw*, No.
   2:05-cv-8334 GAF-CTX, 2006 WL 8432088, at *3 (C.D. Cal. Feb. 15, 2006) ("The fact that
27  litigation is not a traditional government function additionally weighs against a finding of state
   action in this case.") (internal citation omitted).
28

No. 39 at 10–13). Cross-defendant Pineda points to the decision[5] in *Nabors Well Servs. Co. v. Bradshaw*, No. 2:05-cv-8334-GAF-CTX, 2006 WL 8432088, at *2 (C.D. Cal. Feb. 15, 2006)—the only case she was able to find in which a court "addressed whether a private citizen's claim brought under PAGA is an action brought under color of state law." (*Id.*) Similar to the claims in this case, in *Nabors*, the aggrieved employee brought a class action lawsuit alleging various violations of California's Labor Code and a PAGA representative claim against his employer in state court. 2006 WL 8432088, at *1. The employer then sued the aggrieved employee and the secretary of the LWDA in federal district court, asserting a claim under § 1983 for declaratory relief and seeking a declaration that PAGA is unconstitutional. *Id.* In dismissing the employer's § 1983 and declaratory relief claims, the district court analyzed whether the employee's filing of his PAGA representative claim constituted state action and concluded that it did not for several reasons: (i) the state was not involved in the employee's PAGA action in any way, "except for informing [him] that it did not intend to investigate the alleged violations when [he] provided the Agency with the statutorily required notice"; (ii) "the fact that the State is a passive recipient of recovery from [PAGA] actions such as [his] does not alter the outcome"; and (iii) "[a]lthough the procedural scheme created by the statute obviously is a product of state action, there is *no* additional involvement or interaction with state officials that could satisfy the joint action test." *Id.* at *2 (internal quotations and citations omitted). Those reasons apply to Sun Valley's claims against cross-defendant Pineda as well, and the court finds that the district court's analysis in *Nabors* to be persuasive on these points.

---

[5] The court rejects Sun Valley's argument that the unpublished decisions cited by cross-defendant Pineda must be wholly disregarded by this court merely because they are not binding authority. (Doc. No. 41 at 15–23.) The fact that this district court order does not appear in an official reporter is irrelevant to its consideration by this court as persuasive authority. In short, Sun Valley's argument in this regard lacks merits because it is clear that such unpublished decisions can be considered as persuasive authority. *C.B. v. Sonora Sch. Dist.*, 691 F. Supp. 2d 1123, 1138 (E.D. Cal. 2009) ("Ninth Circuit Rule 36-3 does not prohibit citation to or reliance on unpublished District Court decisions, which are, like published District Court opinions, only persuasive authority."); *In re Van Wagoner Funds, Inc. Sec. Litig.*, 382 F. Supp. 2d 1173, 1182 (N.D. Cal. 2004) ("Ninth Circuit Rule 36-3 does not bar a district court from considering the unpublished decisions of other federal district courts; however such decisions are not binding and are at most persuasive authority.").

Finally, although not directly on point to the facts of this case, the court is also persuaded by the decision in *J.P. Morgan Sec., LLC v. Baumann*, No. 15-cv-04010-ABF-FM, 2015 WL 13916925, at *2 (C.D. Cal. Aug. 20, 2015), in which an employer sued an employee to enjoin him from pursuing his PAGA claim because initiating such an action was allegedly a breach of the parties' binding arbitration agreement.  There, the employer brought a claim under § 1983, arguing that the employee "who purports to act as a Private Attorney General under PAGA, acts under color of state law as he proceeds to deprive [his employer] of its federally protected rights under the Federal Arbitration Act and the Supremacy Clause." *Id.* at *4.  The district court in *Baumann* stated that the employer's § 1983 allegation against the employee "as a private attorney general under PAGA is unprecedented," and noted that the employer had "not cited one case (district or appellate) where the aggrieved employee (Mr. Baumann) suing the employer [] under PAGA was somehow liable as a state actor under § 1983." *Id.*

For the above reasons, the court concludes that Sun Valley has failed to state any cognizable claims against cross-defendant Pineda because it has not sufficiently alleged "state action," a requisite element for Sun Valley's claims.  Thus, the court will grant cross-defendant Pineda's motion to dismiss, without leave to amend.  Although Sun Valley requests that the court grant leave to amend, Sun Valley does not proffer any allegations that it could include in any further amended cross-complaint.  (Doc. No. 41 at 23.)  Moreover, granting leave to amend would be futile here because the deficiency in failing to allege "state action" by cross-defendant Pineda cannot be cured by allegations of additional facts.  *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) ("Leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts, . . ..") (citation and internal quotation omitted).

**B.**     **State Cross-Defendants' Motion to Dismiss**

        **1.**     Propriety of the State Cross-Defendants' Motion to Dismiss

As a preliminary matter, the court first addresses Sun Valley's two arguments regarding the propriety of the state cross-defendants' motion to dismiss.  In its opposition, Sun Valley argues that the state cross-defendants' motion should be submitted to arbitration because Sun Valley's motion to compel individual arbitration of plaintiff Pineda's claims remains pending

1  before the court.  (Doc. No. 42 at 4.)  However, Sun Valley does not cite any legal authority to

2  support this argument, particularly where none of the state cross-defendants entered into any

3  arbitration agreement with Sun Valley.  (*See* Doc. No. 45 at 17.)  Moreover, in moving to compel

4  arbitration of plaintiff Pineda's claims, Sun Valley did not seek to compel arbitration of its

5  amended cross-complaint, as brought against Pineda or the state cross-defendants.  (*See* Doc. No.

6  23.)  Thus, Sun Valley's argument that the state cross-defendants' motion to dismiss should be

7  submitted to arbitration is unpersuasive and lacks merit.

8          Sun Valley also stresses that the state cross-defendants' motion is "not based on any

9  ground listed in Federal Rule of Civil Procedure 12(b)," and appears to critique the pending

10  motion to dismiss for not invoking Rule 12 or its enumerated grounds for dismissal.  (*See* Doc.

11  No. 42 at 4, 13–14.)  However, the state cross-defendants did not need to invoke Rule 12 in order

12  to raise their request that the court decline to entertain Sun Valley's amended cross-complaint.

13  The state cross-defendants' motion to dismiss is not procedurally improper.  *See Allstate Ins. Co.*

14  *v. Am. Piping & Boiler Co.*, No. 14-00049-DKW-BMK, 2014 WL 12597040, at *2 (D. Haw. Oct.

15  17, 2014) (granting a defendant's motion "to dismiss [plaintiff's] Declaratory Judgments Act

16  complaint, or in the alternative, to stay proceedings," without any mention of Rule 12);

17  *Encompass Ins. Co. v. Nunley*, No. 14-cv-06598-DDP-AS, 2014 WL 6966921, at *6 (C.D. Cal.

18  Dec. 8, 2014) (same); *see also Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 533 (9th Cir.

19  2008) (affirming the district court's dismissal of a declaratory judgment action and noting that

20  "[f]ederal courts do not have a duty to grant declaratory judgment; therefore, it is within a district

21  court's discretion to dismiss an action for declaratory judgment").

22          Accordingly, below the court will address the merits of the state cross-defendants' motion

23  to dismiss Sun Valley's amended cross-complaint, which asserts only a declaratory relief claim,

24  specifically seeking a court order declaring that PAGA is unconstitutional and unenforceable.[6]

25  /////

---

[6] As the state cross-defendants correctly note in their pending motion, Sun Valley's amended
cross-complaint also seeks injunctive relief, but "injunctive relief is a *remedy* potentially available
for a meritorious declaratory relief claim, not a distinct cause of action."  (Doc. No. 38-1 at 9 n. 5)
(citing *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010)).

1          2.      Legal Standard

2          The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its

3   jurisdiction . . . any court of the United States . . . *may* declare the rights and other legal relations

4   of any interested party seeking such declaration . . . ."  28 U.S.C. § 2201(a) (emphasis added).

5   The Declaratory Judgment Act authorizes federal courts to declare the rights of a party seeking

6   such a declaration, but federal courts are not obligated to do so.  *Pub. Affs. Assocs. v.*

7   *Rickover*, 369 U.S. 111, 112 (1962) ("The Declaratory Judgment Act was an authorization, not a

8   command.  It gave the federal courts competence to make a declaration of rights; it did not

9   impose a duty to do so.") (citing *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494, 499 (1942)).

10          "The Declaratory Judgment Act embraces both constitutional and prudential concerns."

11   *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1222 (9th Cir. 1998).  A declaratory relief action

12   must meet the constitutional requirements for Article III standing and fulfill statutory

13   jurisdictional requirements.  *Id.* at 1222–23.  If a declaratory judgment action "passes

14   constitutional and statutory muster, the district court must also be satisfied that entertaining the

15   action is appropriate.  This determination is discretionary, for the Declaratory Judgment Act is

16   'deliberately cast in terms of permissive, rather than mandatory, authority.'"  *Id.* at 1223 (quoting

17   *Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 250 (1952) (J. Reed, concurring).  But

18   the district court's "discretion is not unfettered."  *Dizol*, 133 F.3d at 1223; *see also Pub. Affs.*

19   *Assocs.*, 369 U.S. at 112 (noting that district courts "cannot decline to entertain such an action as

20   a matter of whim or personal disinclination").  "Prudential guidance for retention of the district

21   court's authority is found in *Brillhart v. Excess Insurance Company of America*, 316 U.S. 491

22   (1942), and its progeny."  *Dizol*, 133 F.3d at 1223; *see also Am. States Ins. Co. v. Kearns*, 15 F.3d

23   142, 144 (9th Cir. 1994) (noting that in *Brillhart*, "[t]he Supreme Court has provided guidance for

24   the exercise of the district court's discretionary decision whether to entertain declaratory relief").

25          The *Brillhart* factors "remain the philosophic touchstone for the district court" and

26   provide that the court should:  "avoid duplicative litigation"; "discourage litigants from filing

27   declaratory actions as a means of forum shopping"; and "avoid needless determination of state

28   law issues."  *Dizol*, 133 F.3d at 1225.  Other considerations include:  "whether the declaratory

1  action will settle all aspects of the controversy; whether the declaratory action will serve a useful

2  purpose in clarifying the legal relations at issue; whether the declaratory action is being sought

3  merely for the purposes of procedural fencing or to obtain a '*res judicata*' advantage; or whether

4  the use of a declaratory action will result in entanglement between the federal and state court

5  systems." *Id.* at 1225 n.5 (quoting *Kearns*, 15 F.3d at 145).  Essentially, the district court "must

6  balance concerns of judicial administration, comity, and fairness to the litigants." *Chamberlain v.*

7  *Allstate Ins. Co.,* 931 F.2d 1361, 1367 (9th Cir. 1991).  District courts are "in the best position to

8  assess how judicial economy, comity and federalism are affected in a given case." *Dizol*, 133

9  F.3d at 1226.  "[T]here is no presumption in favor of abstention in declaratory actions . . . ." *Id.*

10  at 1225.

11       3.    <u>Whether the Court Should Entertain Sun Valley's Amended Cross-Complaint</u>

12       The court will now consider each of the *Brillhart* and other factors, and determine, in its

13  discretion, whether to entertain or dismiss Sun Valley's amended cross-complaint for declaratory

14  relief.

15          a.    *Avoid Duplicative Litigation*

16       As to the first *Brillhart* factor, the state cross-defendants emphasize that Sun Valley's

17  amended "cross-complaint is virtually identical to a lawsuit filed in state court in 2018

18  challenging the facial constitutionality of PAGA"—*California Business & Industrial Alliance v.*

19  *Becerra*, No. 30-2018-01035180-CV-JR-CXC, (Orange County Sup. Ct.) (hereinafter, "*CBIA*")—

20  in which the state court "rejected each of the claims pled in that case on the merits."  (Doc. No.

21  38-1 at 4, 8.)[7]  The state cross-defendants contend that Sun Valley's request that "this court []

---

[7]  The state cross-defendants request that the court take judicial notice of several court documents filed in the *CBIA* action, including the complaint, amended complaint, orders ruling on demurrers and ruling on a motion for summary judgment, and the judgment entered, copies of which are attached as exhibits to the declarations of Deputy Attorney General Aaron Jones.  (Doc. Nos. 38-2; 38-3; 45-1; 45-2.)  Pursuant to Federal Rule of Evidence 201(b), a court may "judicially notice a fact that is not subject to reasonable dispute because it:  (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Courts "may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts." *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (internal citation omitted).  Accordingly, the court grants the state cross-defendants' requests for judicial notice (Doc. Nos. 38-3; 45-1).

revisit those same claims and rule differently" should be denied because it "is inconsistent with

the principles of comity and judicial economy that the Declaratory Judgment Act sought to

advance." (*Id.* at 4, 9.)  The state cross-defendants urge this court to "exercise its sound

discretion to decline to entertain [Sun Valley's] claims for declaratory relief" because Sun

Valley's amended cross-complaint "is the epitome of duplicative litigation" in that Sun Valley

"copied the *CBIA* complaint nearly verbatim."  (*Id.* at 9, 10.)[8]

In its opposition, rather than address whether the *CBIA* action is duplicative as the state

cross-defendants assert, Sun Valley contends only that the *CBIA* action is not a "parallel state

---

[8]  In the *CBIA* action, the plaintiff California Business & Industrial Alliance, an association of California businesses that had been formed to lobby "for the specific purpose of accomplishing the repeal or reform of PAGA," filed a lawsuit in state court against California Attorney General Xavier Becerra in his official capacity, seeking injunctive and declaratory relief to enjoin enforcement of PAGA and declare PAGA unconstitutional.  (Doc. No. 38-2 at 5.)  The plaintiff brought the following nine claims in that action alleging that PAGA is unconstitutional:

(1) a claim under the California Constitution's separation of powers doctrine;
(2) a procedural due process claim under the Fourteenth Amendment to the U.S. Constitution;
(3) a substantive due process claim under the Fourteenth Amendment to the U.S. Constitution;
(4) a procedural due process claim under the California Constitution;
(5) a substantive due process claim under the California Constitution;
(6) a claim of excessive fines in violation of the Eighth Amendment to the U.S. Constitution;
(7) a claim of excessive fines in violation of the California Constitution;
(8) an equal protection claim under the Fourteenth Amendment to the U.S. Constitution; and
(9) an equal protection claim under the California Constitution.

(Doc. No. 38-2 at 45–56.)  Sun Valley's original cross-complaint in this action alleged those same nine claims, in the same order, with near verbatim allegations.  (Doc. No. 2.)  Sun Valley does not dispute that its original complaint copied the complaint in *CBIA* but contends that its having done so is irrelevant because its original cross-complaint has been superseded.  (Doc. No. 42 at 10.)  However, the allegations in Sun Valley's amended cross-complaint are not materially different than those appearing in its original cross-complaint and the complaint in *CBIA*—despite Sun Valley's apparent efforts to suggest otherwise.  In its amended cross-complaint, Sun Valley groups the four federal constitutional claims together under a single "deprivation of rights" claim brought under 42 U.S.C. § 1983 as its first cause of action, and then reorders the five state constitutional claims as its second through sixth causes of action.  (Doc. No. 8.)  Despite this reorganization and its styling of the federal constitutional claims as a § 1983 claim, the claims alleged remain substantively the same.  "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred."  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1164 (9th Cir. 2005) (quoting *Albright v. Oliver*, 510 U.S. 266, 271 (1994)) (internal quotation marks omitted); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979) ("[O]ne cannot go into court and claim a 'violation of § 1983'— for § 1983 by itself does not protect anyone against anything.").

proceeding" because that action involved different legal issues and neither Sun Valley nor plaintiff Pineda were parties to that action.  (Doc. No. 42 at 17–18.)  In so contending, Sun Valley relies solely on the Ninth Circuit's guidance that "[i]f there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed," then there is a presumption that the federal court should decline to entertain the action.  (*Id.*) (quoting *Dizol*, 133 F.3d at 1225).  But, as plaintiff points out in her reply (Doc. No. 45 at 15 n.9), the Ninth Circuit did not state that there must be a parallel state proceeding or that the issues and parties must be the same in order for a federal court to decline to entertain a declaratory action.  Indeed, the Ninth Circuit later clarified that "[t]he fact that there is no presumption in favor of declining jurisdiction does not prove there is a presumption in favor of retaining jurisdiction," explaining that "[t]he simpler reading is that the language [in *Dizol*] merely affirms the well-accepted rule that the decision whether to exercise jurisdiction over a declaratory action lies in the sound discretion of the district court."  *Huth v. Hartford Ins. Co. of the Midwest*, 298 F.3d 800, 803 (9th Cir. 2002).  Simply put, Sun Valley's misreading of *Dizol* renders its sole argument as to this *Brillhart* factor unavailing.

Relatedly, the court is also not persuaded by Sun Valley's contention that its claims raise different legal issues than those presented in the *CBIA* action.  Sun Valley contends that its claims present both a facial and an as-applied challenge to the constitutionality of PAGA, and thus differ from the facial-only challenge in the *CBIA* action.  (Doc. No. 42 at 8.)  To support this contention, Sun Valley points to several paragraphs in its amended cross-complaint that purportedly include allegations challenging PAGA as-applied to Sun Valley.  (*Id.*)  Although those allegations that PAGA is unconstitutional contain the phrase "on its face and/or as practiced" (Doc. No. 8 at ¶¶ 135, 143, 160, 168, 176), Sun Valley's characterization of its claims is not determinative.  "The label is not what matters."  *John Doe No. 1 v. Reed*, 561 U.S. 186, 194 (2010) (noting that whether the plaintiff uses the words "as-applied" in the complaint is not determinative and emphasizing that the focus is on whether the plaintiff's claim and the relief that would follow "reach beyond the particular circumstances" of the plaintiff).  Importantly, none of Sun Valley's purported "as-applied" allegations raise legal issues unique to Sun Valley or allege facts

regarding the specific application of PAGA to Sun Valley—as opposed to "any other employers" (Doc. No. 8 at ¶ 125), "other employee businesses similarly situated" (*id.* at ¶ 130), and "other employers generally" (*id.* at ¶¶ 138, 146).  For example, in challenging the penalty framework of PAGA as an unconstitutional imposition of excessive fines, Sun Valley alleges that it "reasonably believes Cross-Defendants will continue to enforce PAGA against Sun Valley and other California employers," and that "[n]o amount of monetary damages or other legal remedy can adequately compensate Sun Valley, for the irreparable harm that it, and other California employers generally, would suffer . . . ."  (*Id.* at ¶¶ 149, 154).  Unsurprisingly, Sun Valley does not allege that any such excessive fines have already been imposed against it in this case, i.e., that PAGA's penalty framework *as applied* to Sun Valley in particular is unconstitutional.  Rather, Sun Valley's purported as-applied allegations are predicated on the exact same legal arguments as its facial challenge to the constitutionality of PAGA—which was admittedly copied from the *CBIA* action—and Sun Valley likewise seeks the broadest possible remedy:  an injunction barring implementation, execution, and enforcement of PAGA "against Sun Valley and any other employers."  (*Id.* at ¶ 125.)

Accordingly, the court finds that declining to entertain Sun Valley's amended cross-complaint would avoid duplicative litigation, and thus consideration of this factor weighs in favor of granting the state cross-defendants' motion to dismiss.

b.      *Discourage Forum Shopping*

As to the second *Brillhart* factor, the state cross-defendants argue that Sun Valley's cross-complaint "is a transparent effort at forum shopping."  (Doc. No. 38-1 at 11.)  In particular, at the time Sun Valley removed plaintiff Pineda's lawsuit to this federal court and filed of its cross-complaint on January 31, 2020, the Orange County Superior Court had already "fully and finally rejected seven of the nine" claims in the *CBIA* action and the defendant's "motion for summary

/////

/////

/////

/////

1    judgment [on] the final two claims was pending."[9]  (*Id.*)  According to the state cross-defendants,

2    this timing suggests that Sun Valley was essentially hoping for a second bite at the apple on

3    precisely the same claims and legal arguments that the state court in *CBIA* had rejected, and

4    "seeking a more receptive court for this challenge to PAGA."  (*Id.* at 10–11.)

5         In its opposition, Sun Valley does not dispute that it intentionally sought a federal forum

6    for its challenge to PAGA, though it contends that its "federal court filing was made not as a

7    matter of forum shopping but because the federal court is the best unbiased forum for the

8    determination of federal constitutional rights and privileges."  (Doc. No. 42 at 19.)  However, as

9    the state cross-defendants note in their reply (Doc. No. 15), Sun Valley does not cite any legal

10   authority for the notion that state courts are inherently inferior, and perhaps biased, in making

11   determinations as to federal constitutional rights.  To the contrary, state courts are presumed to be

12   fully competent to adjudicate federal constitutional claims.  *See Middlesex Cnty. Ethics Comm. v.*

13   *Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) ("Minimal respect for the state processes, of

14   course, precludes any *presumption* that the state courts will not safeguard federal constitutional

15   rights.").  Critically, the point here is not simply that Sun Valley purposely selected a federal

16   forum, but rather that it did so at a time when a state court had already rejected seven of its nine

17   claims.  The timing of Sun Valley's removal and cross-complaint coupled with the Orange

18   County Superior Court's rulings in *CBIA* certainly suggest a degree of forum shopping by Sun

19   Valley here.

20   ─────────────────────

21   [9]  In an order dated June 6, 2019, the Orange County Superior Court sustained the defendant's
     demurrer, without leave to amend, as to the plaintiff's two substantive due process claims and two

22   claims regarding excessive fines.  (Doc. No. 38-2 at 135.)  In an order dated September 11, 2019,
     that superior court sustained defendant's demurrer, without leave to amend, as to the plaintiff's

23   separation of powers claim and two procedural due process claims.  (*Id.* at 137.)  On July 9, 2020,
     that superior court granted the defendant's motion for summary judgment on the remaining two

24   equal protection claims.  (Doc. No. 38-2 at 142.)  Thereafter, on August 24, 2020—after the
     pending motions to dismiss were filed in this action—that superior court entered judgment in

25   favor of defendant Becerra and against the plaintiff CBIA, "adjudicating in favor of defendant []
     Becerra [], the merit of all claims and causes of action pled" by the plaintiff in the case before that

26   court.  (Doc. No. 45-2 at 6.)  The plaintiff appealed the superior court's decision in *CBIA*, and that
     appeal remains pending in California's Fourth Appellate District, with oral argument scheduled

27   for May 17, 2022.  *See Cal. Bus. & Indus. All. v. Becerra*, No. G059561, (4th Cal. App. Dist.,
     Oct. 22, 2020).

28

1   Accordingly, the court finds that declining to entertain Sun Valley's amended cross-

2   complaint would discourage forum shopping, and thus consideration of this factor weighs in favor

3   of granting the state cross-defendants' motion to dismiss

4            c.     *Avoid Needless Determination of State Law*

5   As to the final *Brillhart* factor, the state cross-defendants argue that entertaining Sun

6   Valley's amended cross-complaint would require needless determination of "numerous

7   complicated issues of state law," since more than half of Sun Valley's claims allege violations of

8   the California Constitution and all of its claims "hinge on allegations about the nuances of

9   California courts' application of PAGA and the actions of parties not before this court in

10   prosecuting and litigating PAGA cases in California courts statewide."  (Doc. No. 38-1 at 11.)

11   The state cross-defendants cite two out-of-circuit decisions to support their argument that

12   California state law issues predominate Sun Valley's amended cross-complaint despite its

13   inclusion of federal constitutional claims.  (*Id.* at 10–11) (citing *El Dia, Inc. v. Hernandez Colon*,

14   963 F.2d 488, 497 (1st Cir. 1992) ("[W]hen a state court has matters well in hand, withholding

15   federal declaratory relief premised on constitutional grounds will maintain and facilitate

16   federalism; foster state-created accommodations of constitutional principles and state interests;

17   and husband federal judicial resources."); *Horne v. Firemen's Ret. Sys. of St. Louis*, 69 F.3d 233,

18   236 (8th Cir. 1995)).

19   In its opposition, Sun Valley disagrees with the state cross-defendants' framing of this

20   factor as relating to the "complicated" nature of PAGA and instead emphasizes its own, contrary

21   view of this factor's focus:  the "substantial need . . . to resolve the constitutional issues of

22   PAGA," which according to Sun Valley, does not require interpretation of PAGA's provisions.

23   (Doc. No. 42 at 20.)  Sun Valley does not cite any legal authority to support its argument in this

24   regard.  Sun Valley does not attempt to distinguish the decision in *El Dia, Inc.,* and as to the

25   Eighth Circuit's decision in *Horne* notes only some factual differences between that case and this

26   one related to standing.  (*Id.*)  However, those differences are irrelevant here because the Eighth

27   Circuit determined both that the plaintiff in *Horne* had standing to sue and that the district court

28   nevertheless properly exercised its discretion in declining to entertain his declaratory relief action

18

1   involving a constitutional challenge to a Missouri statute.  69 F.3d at 236 ("[T]he crux of this

2   matter [lies] in the application of a [state] statute.").

3       Ultimately, although the court recognizes that Sun Valley brings claims arising under both

4   the U.S. Constitution and the California Constitution, the court agrees that the inclusion of some

5   federal claims is not dispositive on the question of whether a federal court should entertain the

6   declaratory relief action.  (Doc. No. 45 at 16.)  The court is persuaded that adjudicating Sun

7   Valley's amended cross-complaint would involve at least some needless determination of state

8   law.  Moreover, a declaratory action need not be wholly based on state law for a district court to

9   appropriately decline to exercise jurisdiction.  *See Huth v. Hartford Ins. Co. of the Midwest*, 298

10  F.3d 800, 804 (9th Cir. 2002) ("Admittedly, there is no great need for state court resolution of an

11  open question of state law in this case.  Yet, without a presumption in favor of retaining

12  jurisdiction, we cannot find that the district court abused its discretion by declining jurisdiction.").

13      Accordingly, consideration of this factor also weighs in favor of granting the state cross-

14  defendants' motion to dismiss.

15          d.    *Other Considerations*

16      Having concluded that consideration of the *Brillhart* factors weigh in favor of declining to

17  entertain Sun Valley's amended cross-complaint for declaratory relief, the court briefly addresses

18  a few other relevant factors, which further support the court's conclusion in this regard.

19      The state cross-defendants urge the court to "decline to entertain the [amended] cross-

20  complaint for declaratory relief, because the declaratory judgment remedy is neither useful nor

21  appropriate under the circumstances of this case."  (Doc. No. 38 at 1.)  The court agrees.  In light

22  of the *CBIA* action, it does not appear that Sun Valley's "declaratory action will serve a useful

23  purpose in clarifying the legal relations at issue."  *See Dizol*, 133 F.3d at 1225, n.5.  Further, it

24  appears that entertaining Sun Valley's claims would "result in entanglement between the federal

25  and state court systems"—not just between this federal court and the state courts presiding over

26  the *CBIA* action, but also other state (and federal) courts that have pending PAGA actions before

27  them.  *See id.*  In addition, the legal arguments that Sun Valley advances have already been

28  pursued against defendant Becerra and rejected by the state court in *CBIA*.  (*See supra* footnote

9.) Entertaining those same legal arguments and claims anew in this action would not be fair to the state cross-defendants, who successfully defended against those claims in the *CBIA* action. Finally, this court is mindful that "federal courts should generally decline to entertain reactive declaratory actions," *Dizol*, 133 F.3d at 1225, and it appears that Sun Valley reacted to plaintiff Pineda's lawsuit against it by filing a cross-complaint against Pineda and the state cross-defendants, asserting the same claims and arguments that were being litigated, and at least to this point rejected, in the *CBIA* action.

In sum, having considered the *Brillhart* factors and other considerations, and "balance[ing] concerns of judicial administration, comity, and fairness to the litigants," *Chamberlain,* 931 F.2d at 1367, the court concludes that it should exercise its discretion and decline to entertain Sun Valley's amended cross-complaint.

Accordingly, the court will grant the state cross-defendants' motion to dismiss Sun Valley's amended cross-complaint.

### CONCLUSION

For all of the reasons set forth above:

1. Cross-defendant Pineda's motion to dismiss cross-claimant Sun Valley's amended cross-complaint (Doc. Nos. 39, 43) is granted, without leave to amend;

2. The state cross-defendants' requests for judicial notice (Doc. Nos. 38-3, 45-1) are granted;

3. The state cross-defendants' motion to dismiss cross-claimant Sun Valley's amended cross-complaint (Doc. No. 38) is granted;

4. Sun Valley's amended cross-complaint (Doc. No. 8) is dismissed in its entirety; and

5. The Clerk of the Court is directed to update the docket to reflect that the cross-claimant and cross-defendants have been terminated from this action as follows:

   a. Cross-claimant Sun Valley Packing, L.P. is terminated as a cross-claimant from this action, but defendant Sun Valley Packing, L.P. remains as a named defendant in this action;

b.   Cross-defendant Leticia Pineda is terminated as a cross-defendant from this action, but plaintiff Leticia Pineda remains as a named plaintiff in this action;

c.   Cross-defendant Xavier Becerra is terminated as a named cross-defendant in this action;

d.   Cross-defendant Lilia Garcia Brower is terminated as a named cross-defendant in this action;

e.   Cross-defendant Julia A. Su is terminated as a named cross-defendant in this action; and

f.   Cross-defendant[10] California Labor and Workforce Development Agency is terminated as a named cross-defendant in this action.

IT IS SO ORDERED.

Dated:  __**April 29, 2022**__                        _____

UNITED STATES DISTRICT JUDGE

---

[10]  The docket in this case does not reflect the addition of cross-defendant California Labor and Workforce Development Agency, even though Sun Valley's amended cross-complaint names that agency as a cross-defendant.  (Doc. No. 8 at 1.)  Accordingly, to correct this error, the court will direct the Clerk of the Court to update the docket to reflect that the California Labor and Workforce Development Agency was a cross-defendant in this action and was terminated as of the date of this order.