UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LETICIA PINEDA, *on behalf of herself and others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>SUN VALLEY PACKING, L.P., et al.,<br><br>Defendants. | Case No. 1:20-cv-00169-ADA-EPG<br><br>ORDER REQUIRING SUPPLEMENT IN SUPPORT OF STIPULATION OF DISMISSAL<br><br>(ECF No. 75) |

On January 31, 2020, Defendant removed this putative class action from state court, which alleges various wage, hour, and other labor-related claims under the California Labor Code, as well as a representative action claim for civil penalties under the Labor Code Private Attorneys General Act of 2004 (PAGA). (ECF No. 1). On March 7, 2023, the parties filed a stipulation to dismiss this action without prejudice. (ECF No. 75). For the reasons explained below, the Court will require a supplement in support of the stipulation.

In its last order, the Court noted that the parties were attempting to finalize a settlement agreement and instructed them, should they file a stipulation of dismissal, to "include legal authority for why their claims may be resolved without further Court approval." (ECF No. 74, p. 2). The parties have failed to do so in their stipulation.

Generally, a stipulation of dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(ii) is effective without a court order. *See Com. Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1078 (9th Cir. 1999) ("Thus, it is beyond debate that a dismissal under Rule 41(a)(1) is effective on

filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it."). However, some courts have recognized an exception in the putative class action context:

> An action may be dismissed pursuant to Rule 41 by filing a "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). However, Rule 23(e) governs the dismissal of class actions, even before class certification has occurred. *Diaz v. Tr. Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989) (holding "that Rule 23(e) applies before certification").
>
> Accordingly, the "district court must ensure that the representative plaintiff fulfills his fiduciary duty toward the absent class members" and "inquire into the terms and circumstances of any dismissal or compromise to ensure that it is not collusive or prejudicial." *Id.* Although the court "does not need to perform the kind of substantive oversight required when reviewing a settlement binding upon the class," it must determine whether class members would be prejudiced by:
>
>> (1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests.
>
> *Id.* Regardless, "[i]n no pre-certification dismissal would the court reject the dismissal and require anything more than notice to the class and an opportunity to intervene." *Id.*

*Dickey v. Vital One Health Plans Direct, LLC*, No. 1:18-CV-01399-DAD-BAM, 2020 WL 1046838, at *1-2 & n.1 (E.D. Cal. Mar. 4, 2020) (internal quotation marks and citation omitted) (noting that despite Rule 23(e) being amended in 2003 to make clear that court approval was not needed for putative class actions that resolved only individual claims, and there is uncertainty whether *Diaz* applies in light of the amendments, "district courts in the Ninth Circuit continue to apply the standard articulated by the Ninth Circuit in *Diaz* because it strikes the right balance between the full-bore fairness review for settlement of certified class claims, and doing nothing at all to ensure that putative class members are protected from collusive deals."). In light of this authority, the Court will require a supplement from the parties.

\\\
\\\
\\\

Accordingly, IT IS ORDERED that, no later than 30 days from the entry of this order, the parties shall file a supplement addressing the *Diaz* factors or providing legal argument why Court approval is not required to dismiss this action.

IT IS SO ORDERED.

Dated:   **March 8, 2023**                          /s/ Erica P. Grosjean
                                                                    UNITED STATES MAGISTRATE JUDGE

3