UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LETICIA PINEDA, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SUN VALLEY PACKING, L.P., et al.,<br><br>Defendants. | No.  1:20-cv-00169-ADA-EPG<br><br>ORDER GRANTING STIPULATION OF DISMISSAL PURSUANT TO FEDERAL RULE OF PROCEDURE 23(E)<br><br>(ECF No. 75) |

**I.**

**Background**

On December 27, 2019, Plaintiff filed a first amended putative class action complaint in Fresno County Superior Court, alleging various wage, hour, and other labor-related claims under the California Labor Code as well as a representative action claim for civil penalties under the Private Attorneys General Act of 2004 ("PAGA").  (*See* ECF No. 1 at 3–20.)  Subsequently, on January 31, 2020, Defendant removed the case to federal court.  (*See generally id.*)  On March 7, 2023, the parties filed a stipulation to dismiss the action without prejudice in order to continue litigating the claims through arbitration.  (ECF No. 75; *see also* Declaration of Jeremy Bollinger, ECF No. 77-1, at ¶ 3.)  On March 16, 2023, in response to an order from the Magistrate Judge, the parties filed supplemental briefing to address the standard for a putative class action dismissal under *Diaz v. Tr. Territory of Pac. Islands*, 876 F.2d 1401 (9th Cir. 1989).  (ECF No. 77.)

1

**II.**

**Legal Standard**

Typically, parties may dismiss an action without a court order pursuant to Federal Rule of Procedure 41 by filing "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). Rule 23(e), however, governs the dismissal of class actions, even before class certification has occurred. *Diaz*, 876 F.2d at 1408. Accordingly, the "district court must ensure that the representative plaintiff fulfills his fiduciary duty toward the absent class members" and must "inquire into the terms and circumstances of any dismissal or compromise to ensure that it is not collusive or prejudicial." *Id.* Although the court "does not need to perform the kind of substantive oversight required when reviewing a settlement binding upon the class," it must determine whether dismissal would prejudice class members due to:

> (1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests."

*Id.* Regardless, "[i]n no pre-certification dismissal would the court reject the dismissal and require anything more than notice to the class and an opportunity to intervene." *Id.*

**III.**

**Discussion**

Applying the *Diaz* factors here, the Court concludes that dismissal of Plaintiff's class claims without prejudice will not harm any putative class members. Regarding the first factor, "the danger of reliance is generally limited to actions that would be considered of sufficient public interest to warrant news coverage of either the public or trade-oriented variety, and such reliance can occur only on the part of those persons learning of the action who are sophisticated enough in the ways of the law to understand the significance of the class action allegation." *Mahan v. Trex Co., Inc.*, No. 5:09-cv-00670, 2010 WL 4916417, at *3 (N.D. Cal. Nov. 22, 2010) (citation, alterations, and internal quotations omitted). Here, the parties contend that there are no class members with a reliance interest in the action "because there has been no notice to the class

1  . . . and no publicity of the action by either Party." (ECF No. 77 at 2.) The Court agrees there is
2  no evidence of significant news coverage surrounding this case, much less reliance on behalf of
3  putative class members.
4    Second, the parties contend that class members will not face a "rapidly approaching
5  statute of limitations" because this action has tolled the statute of limitations. (*Id.*) Indeed,
6  "commencement of a class action tolls the applicable statute of limitations for all members of the
7  class 'until class certification is denied.'" *Tosti v. City of L.A.*, 754 F.2d 1485, 1488 (9th Cir.
8  1985) (quoting *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 354 (1983)). Moreover,
9  dismissal of this action will not extinguish class members' interest in the claims because the
10 parties will continue to litigate on a class basis in arbitration. (ECF No. 77 at 3.)
11   Finally, there is no indication that dismissal represents a concession of class member
12 interests. As discussed above, the parties will continue to litigate the interests of class members
13 through arbitration. (*Id.*) The parties have agreed that any proposed settlement of class claims
14 will undergo an approval process identical to the process that typically occurs in state court. (*Id.*)
15 Additionally, given the significant backlog of cases in this Court due to the Judicial Emergency
16 and COVID pandemic, pursuing the class claims through arbitration will likely provide class
17 members with a more expeditious resolution of their claims.
18   The Court finds that dismissal of this action without prejudice does not present a risk of
19 prejudice to class members. Therefore, notice to the putative class members is not required. *See*
20 *Diaz*, 876 F.2d at 1408 ("Notice to the class of pre-certification dismissal is not, however,
21 required in all circumstances.").
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1  Accordingly,

2  1.  The parties' stipulation of dismissal, (ECF No. 75), is granted;

3  2.  This matter is dismissed, without prejudice and with each party to bear its own fees and costs, pursuant to Federal Rule of Procedure 23(e) so that the parties can further litigate the claims in arbitration; and

6  3.  The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: __April 4, 2023__

_____
UNITED STATES DISTRICT JUDGE